IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FORESEE RESULTS, INC.,<br><br>                Plaintiff,<br><br>      v.<br><br>LODSYS, LLC,<br><br>                Defendant. | Civil Action No. 11-cv-3886<br><br>The Hon. Ronald A. Guzman<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

In its haste to "win" the race to the courthouse, Plaintiff Foresee Results, Inc. ("Plaintiff") apparently failed to conduct a diligent pre-filing investigation to determine that the requisite jurisdiction and venue requirements are satisfied for bringing its Complaint For Declaratory Judgment [dkt. No. 1] (the "Complaint") in this Judicial District. Indeed, Plaintiff appears to have based its jurisdictional and venue allegations solely on a web profile for the CEO of Defendant Lodsys, LLC ("Defendant") found on LinkedIn, a business-oriented social networking site, and not on any actual contact of Defendant with this forum.

Specifically, Plaintiff alleges that, "*[u]pon information and belief*, this Court has personal jurisdiction over Lodsys because Lodsys' Chief Executive Officer and sole employee resides in, and conducts business from, this Judicial District." Complaint, ¶ 11 (emphasis added). The sole basis for that conclusory assertion appears to be Plaintiff's allegation that "*[o]n information and belief*, Mark Small is the Chief Executive Officer and sole employee of Lodsys, residing in the greater Chicago, Illinois." Complaint, ¶ 8 (emphasis added). But, in fact, Mr.

Small does *not* reside in or conduct business from anywhere in the State of Illinois. And, as discussed in detail below, Defendant has *no* contacts with the State of Illinois or this Judicial District that could possibly constitute a basis for personal jurisdiction or venue. Accordingly, Plaintiff's Complaint should be dismissed pursuant Federal Rule of Civil Procedure 12(b)(2) and (3).

## II.   ISSUES PRESENTED

Should this Court dismiss Plaintiff's Complaint where this Court lacks personal jurisdiction over Defendant; where venue is improper in this Judicial District; and given that where the same substantive issues are already pending before the Eastern District of Texas, the Court may exercise its discretion to decline to hear this declaratory judgment action?

## III.   RELEVANT BACKGROUND

This lawsuit (and the litigation already pending in the Eastern District of Texas) was triggered by a series of wrongful acts by Plaintiff. Defendant, however, will not burden the Court with an exhaustive recitation of Plaintiff's misconduct. Instead, Defendant recites here only the facts and procedural history relevant to this motion.

### A.   Plaintiff's Inaccurate Allegations of Personal Jurisdiction.

Plaintiff alleges, "[o]n information and belief, [that] Mark Small is the Chief Executive Officer and sole employee of Lodsys, residing in the greater Chicago, Illinois." Complaint, ¶ 8. Plaintiff also alleges, "[u]pon information and belief, [that] this Court has personal jurisdiction over Lodsys because Lodsys' Chief Executive Officer and sole employee resides in, and conducts business from, this Judicial District." Complaint, ¶ 11.

Mr. Small, however, lives and works in Wisconsin. *See* Declaration of Mark Small (the "Small Decl."), ¶¶ 2-3. Mr. Small owns a home in Wisconsin, holds a Wisconsin driver's

license, and is registered to vote in Wisconsin. *See id*. at ¶ 2.[1] During the time he has provided services for Defendant, he has not resided in or conducted business from Illinois. *See id*. at ¶ 3.

Plaintiff's inaccurate allegations may be based on Mr. Small's web profile on LinkedIn, which references the "Greater Chicago Area." *See* Small Decl., Ex. A. But regardless of the basis for the allegations, Plaintiff is simply incorrect as to the location of Mr. Small's residence and place of business. *See id*. at ¶¶ 2-3, 6.

### B. The Litigation Pending in the Eastern District of Texas.

On February 11, 2011, nearly four months before Plaintiff filed this action, Defendant filed a patent infringement lawsuit against twelve companies (including at least two of Plaintiff's customers) in the Eastern District of Texas. *See id*. at Ex. B. On May 31, 2011, Defendant filed a patent infringement lawsuit against seven additional persons and/or companies in the Eastern District of Texas. *See id.* at Ex. C. On June 10, 2011, Defendant filed a patent infringement lawsuit against ten additional companies (including Best Buy and Adidas) in the Eastern District of Texas. *See id.* at Ex. D. Finally, on July 5, 2011, Defendant filed a patent infringement lawsuit against five additional companies (including Plaintiff) in the Eastern District of Texas. *See id.* at Ex. E.

### IV. ARGUMENT

In patent cases, "the substantive law of the Federal Circuit controls rather than the court of the circuit in which the case arises." *Ryobi Techs., Inc. v. Broglen Hotel Corp.*, No. 01 C 5630, 2002 WL 731140, *2 (N.D. Ill. Apr. 24, 2002). "This choice of governing law applies as

---

[1] To protect Mr. Small's (and his family's) legitimate privacy interests, Defendant has not identified Mr. Small's home address in Wisconsin. Nor has Defendant submitted copies of Mr. Small's driver's license, utility bills, or other financial information. At the Court's request, however, Defendant (and Mr. Small) stand ready, willing, and able to provide any relevant documentary evidence for an *in camera* review, under seal, or by any other method deemed appropriate by the Court to preserve the confidential and private nature of such information. *See* Small Decl., ¶ 2.

3

well to personal jurisdiction in declaratory judgment actions that involve patentees as defendants." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). "The questions of venue and personal jurisdiction in the present case are, therefore, questions of Federal Circuit law." *Ryobi Techs.*, 2002 WL 731140 at *2.

"[O]nce the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Wells v. Edison Int'l, Inc.*, No. 09 C 1728, 2009 WL 1891801, *1 (N.D. Ill. July 1, 2009) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781-82 (7th Cir.2003)). "The courts in this district have [also] held that once venue is challenged, the plaintiff bears the burden of establishing it filed its case in the proper district." *MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 915 (N.D. Ill. 2010).

"[M]otions to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and improper venue may rely on evidence outside the pleadings, such as affidavits and declarations." *Maclean-Fogg Co. v. Edge Composites, L.L.C.*, No. 08 C 6367, 2009 WL 1010426, *1 (N.D. Ill. Apr. 14, 2009).[2] "[I]f a defendant's affidavit contesting jurisdiction is not refuted by a counter-affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are taken as true." *Roser v. Jackson & Perkins Wholesale, Inc.*, No. 10 C 1894, 2010 WL 4823074, *7 (N.D. Ill. Nov. 15, 2010). Accordingly, while "a district court must accept the ***uncontroverted allegations*** in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor" (*Trading Techs. Inter., Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 1220013, *3 (N.D. Ill. Mar. 28, 2011) (emphasis added)), a complaint should be dismissed if the plaintiff "has failed to establish a prima facie case for personal jurisdiction, through either the

---

[2] The Court may also take judicial notice of matters of public record, including "the contents of other courts' dockets." *Caterpillar, Inc. v. Estate of Cole*, No. 06 C 5449, 2007 WL 1830826, *1 n.1 (N.D. Ill. June 21, 2007).

4

allegations in its complaint or other evidence in the record, in response to the affidavits of [defendants] supporting their motion to dismiss." *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998).

As discussed below, Plaintiff's Complaint should be dismissed because (a) this Court lacks personal jurisdiction over Defendant; (b) venue is improper in this Judicial District; and (c) the Court should exercise its discretion to decline to hear this declaratory judgment action.

### A. Plaintiff's Complaint Should Be Dismissed for Lack of Personal Jurisdiction.

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008). "Because the Illinois long-arm statute 'permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process clause,' the 'constitutional and statutory inquiries merge.'" *Domanus v. Lewicki*, No. 08 C 4922, 2011 WL 892739, *4 (N.D. Ill. Mar. 14, 2011). "The key question is therefore whether the defendants have sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"Consistent with these principles, the Supreme Court has drawn a distinction between 'specific' jurisdiction and 'general' jurisdiction." *Avocent*, 552 F.3d at 1330. To establish specific jurisdiction in a declaratory judgment action for non-infringement and/or invalidity of a patent, a plaintiff must demonstrate that "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or is related to those activities, and (3) the

5

assertion of personal jurisdiction is reasonable and fair." *Ryobi Techs.*, 2002 WL 731140 at *3 (citing *Hollyanne v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed.Cir.1999)).

"To establish the minimum contacts necessary to establish general personal jurisdiction, plaintiffs bear a higher burden." *Avocent*, 552 F.3d at 1330. Specifically, "a defendant must have 'continuous and systematic' contacts with the forum." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 781 (N.D. Ill. 2009) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)).

"While the application of this description of due process has evolved along with the increasing national and international scope of business transactions affecting citizens of this country, the Supreme Court has repeatedly cautioned that 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Avocent.*, 552 F.3d at 1329 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "Each Defendant's contacts with the forum state must be assessed individually" (*Alta Mere Indus., Inc. v. DBC Window Tinting, Inc.*, No. 10-CV-266, 2010 WL 1904464, *2 (N.D. Ill. May 6, 2010), and the "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Giacobbe v. Speiser, Krause, Nolan & Granito*, No. 05 C 4763, 2006 WL 2494750, *4 (N.D. Ill. Aug. 23, 2006).

    **1. Mr. Small Does *Not* Reside In or Conduct Business From this Judicial District.**

Plaintiff alleges that this Court has personal jurisdiction over Defendant based only on Plaintiff's "information and belief" that Mr. Small supposedly "resides in, and conducts business from, this Judicial District." Complaint, ¶ 11. But in fact, Mr. Small lives and works in Wisconsin, *not* Illinois. *See* Small Decl., ¶¶ 2-3. And at all relevant times, he has never resided

6

in or conducted business from Illinois. *See id*. at ¶ 3. This Court "must accept the allegations in the complaint as true ***only* to the extent that they are not controverted by other evidence in the record**" and "must also accept uncontested jurisdictional facts presented by the defendant as true." *Compliance Software Solutions, Corp. v. MODA Tech. Partners, Inc.*, No. 07-CV-6752, 2008 WL 2960711, *1 (N.D. Ill. July 31, 2008) (emphasis added).

Moreover, Defendant does not have (nor has it ever had) any employees, offices, or facilities in Illinois. *See* Small Decl., ¶ 5. It does not maintain any bank accounts or other assets in Illinois. *See id*. Nor does it lease or own any real or other property in Illinois. *See id*. Indeed, as Plaintiff correctly alleges, Defendant "is a Texas limited liability company." Complaint, ¶ 7. The letters attached to Plaintiff's Complaint also reveal that Defendant's principal place of business is in Marshall, Texas. *See, e.g.*, Complaint, Ex. E.[3] And Defendant maintains an office in its Texas headquarters. *See* Small Decl., ¶ 4. Accordingly, Defendant has no contacts with Illinois that could give rise to specific jurisdiction, let alone general jurisdiction. *See, e.g.*, *Wesley-Jessen, Inc. v. Volk*, No. 75 C 2410, 1976 WL 21209, *2 (N.D. Ill. Jan. 29, 1976) ("None of the described activities, either taken together or considered separately, are sufficient to provide plaintiff with in personam jurisdiction over the defendant in Illinois.").

Because this Court lacks personal jurisdiction over Defendant, Plaintiff's Complaint should be dismissed.

      **2.    The Federal Circuit and This Court Have Repeatedly Held that Infringement Letters Do *Not* Create Personal Jurisdiction.**

Plaintiff has alleged that this Court has personal jurisdiction over Defendant based entirely on Plaintiff's "information and belief" allegations concerning Mr. Small. As discussed

---

[3] Plaintiff incorrectly alleges that Defendant's principal place of business is in Austin, Texas. Complaint, ¶ 7. But that is the location of Defendant's registered agent, not Defendant's headquarters. *See* Small Decl., Ex. F.

above, Plaintiff's allegations are inaccurate and, because Plaintiff has pled no other basis for personal jurisdiction, the Complaint should be dismissed.

In response to this motion, Plaintiff may assert (or seek leave to amend its Complaint to allege) that personal jurisdiction is proper because Defendant has sent infringement letters to persons or entities in Illinois, although Plaintiff has not alleged any such facts in its Complaint.[4] But the Federal Circuit has repeatedly rejected similar allegations:

> In many patent declaratory judgment actions, the alleged injury arises out of the threat of infringement as communicated in an infringement letter, and the patentee may have little contact with the forum beyond this letter. While such letters themselves might be expected to support an assertion of specific jurisdiction over the patentee because the letters are purposefully directed at the forum and the declaratory judgment action arises out of the letters, ***we have held that, based on policy considerations unique to the patent context, letters threatening suit for patent infringement sent to the alleged infringer by themselves do not suffice to create personal jurisdiction***. This is because to exercise jurisdiction in such a situation would not comport with fair play and substantial justice. Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. ***A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement***. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness. Thus, [f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be other activities directed at the forum and related to the cause of action besides the letters threatening an infringement suit.

*Avocent*, 552 F.3d at 1333 (internal citations and quotation marks omitted; emphasis added); *see also Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1014 (Fed. Cir. 2009) ("Because the district court possessed neither general nor specific personal jurisdiction over Oxford, and because the court did not abuse its discretion by denying jurisdictional discovery, we affirm."); *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003).

---

[4] Plaintiff does allege that Defendant sent letters to Best Buy, WE Energies, and Adidas. *See* Complaint, ¶¶ 15- 20. But those letters were not sent to Illinois addresses (*see* Complaint, Exs. E-G), and Best Buy, WE Energies, and Adidas are *not* Illinois entities. *See* Small Decl., Ex. G. Nor is Plaintiff an Illinois entity. *See* Complaint, ¶ 6 ("ForeSee is a Michigan corporation").

("We have decided that under the third of these tests the sending of letters threatening infringement litigation is not sufficient to confer personal jurisdiction."); *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002) ("All of his documented contacts were for the purpose of warning against infringement or negotiating license agreements, and he lacked a binding obligation in the forum."); *Red Wing Shoe*, 148 F.3d at 1360 ("Thus, even though cease-and-desist letters alone are often substantially related to the cause of action (thus providing minimum contacts), the 'minimum requirements inherent in the concept of 'fair play and substantial justice' ... defeat the reasonableness of jurisdiction.'").

The Federal Circuit has also developed a non-exhaustive list of "other activities" that do *not* confer personal jurisdiction, including engaging in licensing negotiations in conjunction with infringement letters (*see Hildebrand*, 279 F.3d 1356); successfully licensing patents, even to multiple non-exclusive licensees, with receipt of royalty income (*see Red Wing Shoe*, 148 F.3d at 1357-58); the defendant's own "commercialization activity" in the forum (*see Autogenomics*, 566 F.3d at 1019-1020); and initiating litigation in the defendant's home forum. *See Avocent*, 552 F.3d at 1334 (distinguishing "initiating judicial or extra-judicial activities in the forum").[5]

Similarly, applying binding Federal Circuit law, this Court has repeatedly dismissed declaratory judgment actions that allege infringement letters and licensing activity as grounds for personal jurisdiction. *See, e.g.*, *Chicago Bd. Options Exch., Inc. v. Realtime Data, LLC*, 09 C 4486, 2010 WL 118455, *4 (N.D. Ill. Jan. 8, 2010) ("The facts in the instant case are similar to those in the *Avocent* case."); *Ryobi Techs.*, WL 731140 at *3 ("The Federal Circuit decisions consistently hold that, in an action for declaratory judgement, sending letters warning of patent

---

[5] *See also Juniper Networks, Inc. v. SSL Servs., LLC*, No. C 08-5758 SBA, 2009 WL 3837266, *4 (N.D. Cal. Nov. 16, 2009) (citing *Avocent* and rejecting "novel argument that the act of filing a lawsuit against an alleged California resident-in a Texas district court-is sufficient to make a prima facie showing that it has purposefully availed 'itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'").

infringement into a forum, without more activity in the forum, does not satisfy the due process requirements for exercising personal jurisdiction over the patentee."); *Classic Golf Co. v. Karsten Mfg. Co.*, No. 86 C 906, 1986 WL 8953 (N.D. Ill. Aug. 8, 1986) ("The sending of infringement letters has been uniformly held insufficient by itself to satisfy the minimum contacts requirement."); *Wesley-Jessen*, 1976 WL 21209 at *3 ("A non-exclusive agreement with and the payment of royalties by a licensee who sells in Illinois are not sufficient to establish that the patentee-defendant purposefully availed itself of the privilege of doing business in Illinois.").[6]

Because the Federal Circuit and this Court have repeatedly rejected infringement letters and licensing activity as a basis for personal jurisdiction, Plaintiff's Complaint should be dismissed.

### B. Plaintiff's Complaint Should Also Be Dismissed for Improper Venue.

Plaintiff alleges that "[v]enue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400." Complaint, ¶ 12. But "[a]ctions for declaratory judgment of non-infringement are governed by the general venue statute, 28 U.S.C. § 1391, rather than 28 U.S.C. § 1400." *Ryobi Techs.*, 2002 WL 731140 at *2 (citing *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed.Cir.1990)). Accordingly, because section 1400 "is inapplicable" (*Westnofa USA Inc. v. British Design (U.S.A.) Corp.*, 83 C 7209, 1983 WL 420, *3 (N.D. Ill.

---

[6] *See also Meta/Balance, Inc. v. Health Ventures Partners*, No. 03 C 50497, 2004 WL 1345097, *2 (N.D. Ill. June 14, 2004) ("With regard to the letter(s) Health Ventures sent to Metabalance, demanding that it stop from allegedly infringing on its trademark, letters alleging infringement generally do not satisfy the due process requirements that would permit a finding of personal jurisdiction against the sender of the letters.").

Nov. 8, 1983)), venue could only be proper in this Judicial District if the statutory bases in section 1391(b) are satisfied.[7]

Specifically, section 1391(b) provides that, an "action wherein jurisdiction is not founded solely on diversity of citizenship may" be brought *only* in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). As discussed below, the uncontroverted facts here demonstrate that venue is improper in this Judicial District.

### 1. Defendant Resides in Texas, Not Illinois.

Defendant "is a Texas limited liability company." Complaint, ¶ 7. And its principal place of business is in Marshall, Texas. *See* Small Decl., ¶ 4. Although Section 1391(c) provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced" (28 U.S.C. § 1391(c)), as discussed above, Defendant is not subject to personal jurisdiction in Illinois. Thus, venue would be proper under section 1391(b)(1) in Texas, not Illinois.

### 2. The Relevant Events Occurred in Texas (or D.C.), Not Illinois.

The only "events" alleged by Plaintiff are the sending of three letters to Best Buy, WE Energies, and Adidas. *See* Complaint, ¶¶ 15- 20. Because Best Buy, WE Energies, and Adidas

---

[7] Section 1391(a) is inapplicable because it applies "wherein jurisdiction is founded only on diversity of citizenship;" section 1391(c) merely defines the residency of "a corporation;" section 1391(d) provides that "[a]n alien may be sued in any district;" section 1391(e) concerns civil actions "in which a defendant is an officer or employee of the United States or any agency thereof;" section 1391(f) concerns civil actions "against a foreign state;" and section 1391(g) applies only when the "jurisdiction of the district court is based upon section 1369." *See* 28 U.S.C. § 1391(a)-(g).

11

are *not* Illinois entities (*see id.*, Ex. G), those letters were sent to Minneapolis, Minnesota; Milwaukee, Wisconsin; and Herzogenaurach, Germany, respectively (*see* Complaint, Exs F-G), *not* Illinois. And even if such letters were sent to addresses in Illinois, infringement letters are not a "substantial part of the events" giving rise to a declaratory judgment action. *See, e.g., Mi-Jack Prods., Inc. v. Taylor Group, Inc.*, No. 96 C 7850, 1997 WL 441796, *7 (N.D. Ill. July 30, 1997) ("Section 1391(b)(2) does not apply because a substantial part of the events or omissions giving rise to the [declaratory judgment] claim did not occur in Illinois."); *Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 947 (E.D.N.Y. 1994) ("It is well-established that in a declaratory judgment action for non-infringement and invalidation of a patent, a cease and desist letter cannot form the basis for venue under section 1391 on the grounds that the sending of the letter constitutes 'a substantial part of the events giving rise to the claim.'").

Moreover, the property at issue here (*i.e.*, the patents) are owned by Defendant, a Texas limited liability company. And like all patents, the property rights were granted by the USPTO in Washington, D.C. Thus, venue would be proper under section 1391(b)(2) in Texas (or D.C.), not Illinois. *See, e.g., Unistrut Corp. v. Baldwin*, 815 F. Supp. 1025, 1027 (E.D. Mich. 1993) ("The case at hand seeks declaratory judgment as to certain patent rights. While it is true that institution of the action was sparked by defendant's letters requesting compensation for plaintiffs' alleged infringement on defendant's patent, these letters did not cause the alleged patent infringement that is ultimately the subject of this suit. The transaction at issue here is essentially the granting, in Washington, D.C., of a patent which plaintiffs are alleging is invalid.").

    **3.**    **This Action May Be Brought in Texas, Not Illinois.**

There is no dispute that venue is proper in the Eastern District of Texas, and both Plaintiff and Defendant are subject to personal jurisdiction in that Judicial District. In fact, Defendant has already initiated litigation against Plaintiff (and its customers) in the Eastern District of Texas. *See* Small Decl., Exs. B, D-E. Thus, venue would be proper under section 1391(b)(3) in Texas, not Illinois.

Because venue is improper in this Judicial District, Plaintiff's Complaint should be dismissed.

### C. Plaintiff's Complaint Should Be Dismissed Based on the Court's Discretion.

Federal courts are not required to hear cases requesting declaratory judgments; rather, the Declaratory Judgment Act provides that courts "***may*** declare the rights and other legal relations of any interested party seeking such declaration" (28 U.S.C. § 2201) (emphasis added)), and courts may decline such actions in their broad discretion. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.") (internal footnote omitted).

"A suit for declaratory judgment aimed solely at wrestling the choice of forum from the 'natural' plaintiff will normally be dismissed." *Publications Int'l, Ltd. v. McRae*, 953 F.Supp. 223, 224 (N.D. Ill. 1996); *see also Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F.

Supp. 2d 906, 909 (N.D. Ill. 1998) ("This Court recognizes two significant reasons to dismiss a declaratory action brought solely in anticipation of an infringement suit. First, allowing a potential defendant to make a procedural preemptive strike robs the natural plaintiff of his ability to select his forum…. Second, prohibiting a 'race to the courthouse,' encourages settlement and discourages costly duplicate litigation.").

Courts have also dismissed declaratory judgment actions where it appears that there is an intent, or the resulting effect is, to gain a tactical or unfair advantage in negotiations. *See, e.g.*, *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 815 (Fed. Cir. 1996) ("Under these circumstances, the district court could properly view the declaratory judgment complaint as a tactical measure filed in order to improve EMC's posture in the ongoing negotiations-not a purpose that the Declaratory Judgment Act was designed to serve.").

Here, the purposes of the Declaratory Judgment Act are plainly *not* furthered by hearing this action. Litigation is already pending in the Eastern District of Texas, which involves legal and factual questions common to this action (as well as the same parties). For obvious reasons of judicial economy, and in consideration of the "natural plaintiff's" right to choose the forum, the logical (and more efficient) forum for this action is the Eastern District of Texas. Plaintiff — a "Michigan corporation" (Complaint, ¶ 6) — apparently filed this action in Illinois only to gain a tactical advantage. *See Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F. Supp. 144, 148 (D. Mass. 1993) ("This court will not exercise its discretionary jurisdiction over this action because it would be inappropriate to reward-and indeed abet-conduct which is inconsistent with the sound policy of promoting extrajudicial dispute resolution, and conservation of judicial resources.").

Plaintiff will not be harmed if the Court exercises its broad discretion to decline to hear this action, because a forum exists in which Plaintiff's declaratory judgment action may be

properly heard, in which Defendant is subject to personal jurisdiction, and in which litigation is already pending. Because the Court may exercise its broad discretion to decline to hear this declaratory judgment action, Plaintiff's Complaint should be dismissed.

## V. CONCLUSION

This Court lacks personal jurisdiction over Defendant. Venue is improper in this Judicial District. And given that the same issues are already pending before the Eastern District of Texas, the Court should decline to hear this declaratory judgment action. For all of these reasons, Plaintiff's Complaint should be dismissed.

Dated: July 5, 2011.  Respectfully Submitted,

/s/ Michael La Porte
Michael R. La Porte
mrl@fg-law.com
William W. Flachsbart
wwf@fg-law.com
FLACHSBART & GREENSPOON, LLC
333 N. Michigan Avenue, Suite 2700
Chicago, Illinois 60601
Telephone: (312) 551-9500
Facsimile: (312) 551-9501

Michael A. Goldfarb
goldfarb@kdg-law.com
Christopher M. Huck
huck@kdg-law.com
KELLEY, DONION, GILL,
HUCK & GOLDFARB, PLLC
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: (206) 452-0260
Facsimile: (206) 397-3062

**Attorneys for Defendant Lodsys, LLC**

## CERTIFICATE OF SERVICE

      The undersigned attorney of record certifies that service of the foregoing document has been made on July 5, 2011, via the Court's CM/ECF system based on its electronic filing, under Local Rules 5.5(a)(3) and General Order 09-014 Section X.E. In this manner, service has been made on all attorneys of record in this case.

                                       /s/ Michael La Porte
                                       Michael R. La Porte